**In re Jerry L. DANIEL & Karran M. Daniel Debtors.**

**Jerry L. DANIEL, Plaintiff,**

**v.**

**David K. OAKS and Leonard M. Johnson d/b/a Oaks and Johnson, Defendants.**

**Bankruptcy No. 86–5402–8P7. Adv. No. 89–087.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 10, 1989.

Dana J. Watts, Sarasota, Fla., for plaintiff.

David K. Oaks, Punta Gorda, Fla., for Doteileen Rogers Mariner.

### ORDER ON MOTION FOR PRELIMINARY INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration is a Motion for Preliminary Injunction filed by Jerry L. Daniel (Daniel), the Plaintiff, who instituted the above captioned adversary proceeding. The Complaint filed by the Debtor seeks a preliminary and permanent injunction against David K. Oaks (Oaks) and Leonard M. Johnson (Johnson), d/b/a Oaks and Johnson, Attorneys at Law.

Pursuant to the request for an emergency hearing this Court heard statements of counsel for the Plaintiff and statements on behalf of the law firm of Oaks and Johnson and is satisfied the Plaintiff Daniel is entitled to a permanent injunction based on the following undisputed facts.

Jerry L. Daniel filed his voluntary petition for relief on November 21, 1986. In due course this Court issued an Order directing to hold a meeting of creditors as required by Section 341(a) of the Bankruptcy Code. Notice included a provision which fixed February 23, 1987, as the deadline for filing complaints pursuant to Section 523(c) and Section 727 of the Bankruptcy Code. The schedules submitted by the Debtor scheduled among the secured creditors, Doteileen Mariner, a/k/a Dottie Mariner (Mariner), with an address of 255 Webbs Lane, Mayfair Apts., # C31, Dover, DE 19901. On January 28, 1987, Mariner filed a Motion for Relief From the Automatic Stay. On January 29, 1987, this Court entered an Order ex parte and denied the motion without prejudice for improper service. On February 25, 1987, Mariner filed an Amended Motion for Relief From Automatic Stay and sought adequate protection in the alternative. In the Amended Motion she alleged that she is the holder of a promissory note and a mortgage encumbering certain property owned by the Debtor and the mortgage is in default, therefore, she is entitled to obtain relief from the stay in order to file a cross-claim foreclosing her mortgage.

On February 5, 1987, this Court entered an Order directing response to the Amended Motion for Relief From the Automatic Stay. No response having been filed by the Debtor or by the Trustee, on March 5, 1987, this Court entered an Order prepared by counsel which granted the Amended Motion lifting the automatic stay and the Order permitted further proceedings in the foreclosure action by Mariner against the Debtors Jerry L. Daniel and Karran M. Daniel, his wife, who is also a Debtor in this Chapter 7 case.

No complaint having been filed pursuant to Section 523(c) or Section 727 of the Bankruptcy Code, on July 27, 1987, the Debtors were granted their discharge.

On December 6, 1988, the Debtor Jerry L. Daniel filed a Motion to Reopen the case.

The motion was denied by this court on January 18, 1989, on the basis that the case was still open thus the Motion to reopen the case was premature. The Order further provided that part of the Motion to Reopen, which sought the imposition of sanctions against Dottie Mariner and her attorney for violation of the permanent injunction imposed by Section 524(a)(2) of the Bankruptcy Code, was procedurally improper. For this reason, this Court denied the request for imposition of sanctions without prejudice.

On February 21, 1989, the Debtor, filed this adversary proceeding. In Count I the Debtor sought a preliminary and permanent injunction enforcing the provisions of Section 524 of the Bankruptcy Code prohibiting David K. Oaks and Leonard M. Johnson, the attorneys for Mariner from proceeding against the Debtor in the lawsuit in Charlotte County Circuit Court, No. 86–1029 EOF and to cease and desist of any further attempts to collect a debt owed by the Debtors to Mariner. In Count II of the Complaint the Debtor seeks damages, costs and attorney fees, and punitive damages against the Defendants for malicious prosecution.

It is without dispute that the Defendants did in fact file a crossclaim in a pending foreclosure action originally commenced by Federal National Mortgage Association and sought a deficiency judgment based on compensation and punitive damages for fraud.

On April 24, 1987, counsel for the Debtor notified Daniel K. Oaks of Oaks and Johnson that he was not in a position to accept any service of a Complaint on behalf of the Debtor and that the Debtor, Daniel J. Johnson filed a Chapter 7 petition and the debt owed to the client of the Defendant has been discharged.

Notwithstanding the foregoing, Daniel K. Oaks, one of the Defendants notified the attorney for the Debtor that according to his view, the rules provide that the discharge must be pled as an affirmative defense and unless an answer or a motion to dismiss is filed they will proceed with the lawsuit and will obtain the relief sought by

default. It appears now that Daniel K. Oaks scheduled the Debtor's deposition for February 28, 1989, and Daniel K. Oaks, in spite of the permanent injunction included in the Discharge, intends to proceed to prosecute the claim on behalf of Mariner unless enjoined by this Court.

■ According to Daniel K. Oaks, he is relying on the language of the order entered by this Court on the Amended Motion for Relief entered on March 15, 1987. This Order submitted by counsel ostensibly granted a carte blanc authority to Mariner to conduct further proceedings without limitations against the Debtors Jerry L. Daniel and his wife Karran M. Daniel. Obviously, the phraseology used by the Order is improperly broad since it was never intended to permit Mariner to proceed and seek an in personam money judgment against the Debtors, and clearly the relief was granted only to permit to proceed in rem against the property and to foreclose her interest. For this reason this Court is satisfied a separate order shall be entered to vacate the Order of March 5, 1987, and enter an appropriate order consistent with the foregoing.

■ Section 524(a)(2) provides as follows:

"a discharge ... operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor...."

Based on the foregoing facts and relevant Statute, this Court is satisfied that inasmuch as Mariner has failed to file a timely complaint pursuant to Section 523(c) of the Bankruptcy Code, the debt owed to her is within the protective provisions of the general bankruptcy discharge and any action or attempt to collect the same in spite of a discharge is a clear violation of the permanent injunction included in the discharge. Moreover, if the injunctive relief sought by the Debtor in this adversary proceeding is not granted the Debtors will suffer irreparable harm. For this reason

the Debtors are entitled to the relief sought.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the partial final judgment be and the same is hereby entered on Count I in favor of the Plaintiff Jerry L. Daniel and against the Defendants David K. Oaks and Leonard M. Johnson, individually, and as members of the law firm d/b/a Oaks and Johnson, be, and the same are hereby, enjoined and prohibited permanently to take any further action against Jerry L. Daniel which is designed to impose a personal liability on the Debtor Jerry L. Daniel or from attempting in any way to enforce any claim against the Debtor on behalf of Mariner.

DONE AND ORDERED.